OPINION
{¶ 1} Plaintiff-appellant Thomas L. Bayer appeals the December 4, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas, granting defendants-appellees Sugar Creek Cartage, Inc. and Douglas Miller summary judgment on appellant's intentional tort claim.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At all relevant times, appellant was employed by appellee Sugar Creek Cartage, Inc. ("Sugar Creek") as a truck driver. Appellee Douglas Miller is Vice-President of Sugar Creek, and responsible for dispatching. Miller's duties involve making sure the loads get to where they are going on a timely basis and lining up back hauls for loads coming back. Miller immediately supervised appellant, informing him when and where a load needed to be delivered.
 {¶ 3} Appellant maintains appellees required he disregard the federally mandated maximum hours of driving permitted under the Federal Motor Carrier Safety Requirements. The requirements were known to appellees, and incorporated into Sugar Creek's employee handbook. According to appellant, failure to make deliveries pursuant to the company's schedule would result in being assigned less attractive deliveries or termination. Sugar Creek routinely paid appellant by cash and/or non-payroll check. Sugar Creek also routinely paid its drivers by a percentage of the load. Accordingly, the hours stated on appellant's paycheck would not be consistent with the hours actually in service for the company. According to appellant, the daily log sheets completed the week of December 7, 2000 were not completed in accordance with the federal rules in order to satisfy the delivery and time schedules maintained by Sugar Creek.
 {¶ 4} On December 7, 2000, while operating Sugar Creek's tractor-trailer on Ohio State Route 16, appellant fell asleep and ran into a ditch, resulting in significant injuries to his right leg and shoulder.
 {¶ 5} Appellant filed an intentional tort claim against appellees. On November 14, 2002, appellees filed a Motion for Summary Judgment. Appellant filed a Brief in Opposition on November 27, 2002. On December 4, 2002, by way of non-oral hearing, the trial court granted summary judgment in favor of appellees on the intentional tort claim.
 {¶ 6} It is from the trial court's December 4, 2002 Judgment Entry appellant now appeals, raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON OR ABOUT DECEMBER 4, 2002 IN FAVOR OF APPELLEES SUGAR CREEK CARTAGE INC., AND DOUGLAS MILLER, IN THAT APPELLANT BAYER DEMONSTRATED TO THE TRIAL COURT SUFFICIENT ISSUES OF MATERIAL FACT IN DISPUTE."
 I. {¶ 8} Appellant, in his sole assignment of error, argues the trial court erred in granting appellees' Motion for Summary Judgment on appellant's intentional tort claim. We disagree.
 {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 10} Civ.R. 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard we review appellant=s assignment of error.
 {¶ 14} In Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, the Ohio Supreme Court set forth the requirements to establish a prima facie case of a common law intentional tort. An employee must demonstrate each of the following: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Id. at paragraph one of the syllabus.
 {¶ 15} There is an extremely high burden of proof to establish an intentional tort of an employer. As stated by the Court in Fyffe: "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent." Id. at paragraph 2 of the syllabus.
 {¶ 16} As stated above, appellant maintains appellees directed him to exceed the maximum hours of driving permitted under federal motor carrier safety requirements. In addition, appellant claims appellees falsified or had others falsify driving records and/or logs to satisfy the federal motor carrier safety requirements regarding the number of maximum hours of driving permitted. As a result, appellant maintains there was a substantial certainty of harm due to the increased potential for falling asleep while driving. We disagree. The increased risk for accidents due to a driver's being tired or lacking sleep is not equivalent to substantial certainty an accident will occur, particularly in light of appellant's admission he was off work for approximately ten hours prior to taking his shift on the date of the accident. It is undisputed appellant did not tell appellees he was tired or not fit to drive on the date of the accident. Based upon the above, we conclude appellant failed to establish appellees' actual knowledge injury to appellant was a substantial certainty as required by Fyffe. Due to our disposition of the second Fyffe requirement, we find it unnecessary to address the first and third requirements.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The December 4, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Wise, J., and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 4, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.